|  |  |
|---|---|
|  | U.S. Department of Justice |
|  | United States Attorney<br>Eastern District of New York |
| DSS<br>F.#2012R00387 | 271 Cadman Plaza East<br>Brooklyn, New York  11201 |

November 8, 2013

**Via ECF**

Richard Ware Levitt, Esq.
Levitt & Kaizer
40 Fulton Street, 23rd Floor
New York, NY 10038

    Re: United States v. Alexander Fishenko, et al.
       Criminal Docket No. 12-626 (SJ)

Dear Mr. Levitt:

    The government provides the following in response to your letter dated October 30, 2013.  As required by 50 U.S.C. §§ 1806(c) and 1825(d), the government has provided notice that it intends to use against the defendants in this case evidence obtained or derived from electronic surveillance and physical searches under Title I and Title III of the Foreign Intelligence Surveillance Act ("FISA"), 50 U.S.C. §§ 1801-1812 and 1821-1829.  By letter dated September 6, 2013 the government advised that it does not intend to use any information obtained or derived from surveillance authorized under Title VII of FISA (the FISA Amendments Act or "FAA"), 50 U.S.C. §1881a *et seq.*, as to which a defendant is an aggrieved person.

    The government has made several disclosures regarding searches authorized pursuant to Rule 41 of the Federal Rules of Criminal Procedure.  On February 7, 2013, the government disclosed documents obtained during searches of Arc Electronics, Inc.'s ("Arc's") premises and Fishenko's residences that were conducted on October 3, 2012, as well as inventories of those materials and the underlying warrants and supporting affidavits.  Thereafter, on May 13, 2013 the government made available forensic copies of all computer media seized during the October 3, 2012 searches, as well as an inventory of those materials.

    In addition, the government hereby discloses that the FBI conducted numerous trash covers at Arc between approximately August 2010 and June 2011.  The dates of those operations and copies of the documents obtained will be provided to you shortly under separate cover.

Other information the defendant seeks in the October 30, 2013 letter exceeds that to which the defendant is entitled pursuant to 50 U.S.C. §§ 1806(c) and 1825(d). To the extent the defendant or defense counsel seeks to disclose or obtain not only the fact of FISA surveillance, but also the actual contents of FISA applications, orders, or other materials relating to the electronic surveillance and physical searches, such information would itself be classified and its disclosure would reveal information to which neither the defendant nor defense counsel is entitled.

If the government becomes aware of any other information regarding searches or seizures relevant to any potential suppression application, the government will either disclose that information to the defendants or, as appropriate, make an ex parte disclosure to the Court.

Very truly yours,

LORETTA E. LYNCH
United States Attorney

By: /s/ Daniel S. Silver
Daniel S. Silver
Assistant United States Attorney
(718) 254-6034

cc: Clerk of Court (SJ) (By ECF)
Counsel for the Defendants (By ECF)