RICHARD WARE LEVITT*
rlevitt@landklaw.com

NICHOLAS G. KAIZER*
nkaizer@landklaw.com

YVONNE SHIVERS
yshivers@landklaw.com
SENIOR APPELLATE COUNSEL

DEAN SOLOMON
dsolomon@landklaw.com

EMILY GOLUB
egolub@landklaw.com

* ADMITTED IN N.Y., FLA., AND D.C.

LEVITT & KAIZER
ATTORNEYS AT LAW
40 FULTON STREET
23rd FLOOR
NEW YORK, NEW YORK 10038-5077

TELEPHONE
(212) 480-4000

FACSIMILE
(212) 480-4444

November 14, 2013

Hon. Sterling Johnson
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:  *United States v. Fishenko et al.*
     12-cr-626 (SJ)

Dear Judge Johnson:

Pursuant to the schedule established at our last court appearance, the defense, by letter dated October 30, 2013, asked the government to disclose certain information regarding the searches it conducted during its investigation of the defendants, so that we might thereafter file any appropriate suppression motions (Exhibit A), and the government responded by letter, dated November 8, 2013 (Doc. 169) (Exhibit B).  The government's letter largely repeats earlier disclosures and states: (1) it conducted electronic surveillance and physical searches under Title I and Title III of the Foreign Intelligence Surveillance Act ("FISA"), 50 U.S.C. §§ 1801-1812 and 1821-1829;[1] (2) it does not intend to use any information obtained or derived from surveillance authorized under Title VII of FISA (the FISA Amendments Act or "FAA"), 50 U.S.C. § 1881a *et seq.*, as to which a defendant is an aggrieved person; (3) it conducted various searches pursuant to warrants issued under Fed.R.Crim.P. 41; and (4) it conducted several "trash covers."  The government declines, however, to produce any "actual contents of FISA applications, orders, or other materials relating to the electronic surveillance and physical searches;" it declines to provide any of the other discovery we requested; and it concludes by stating, "If the government becomes aware of any other information regarding searches or seizures relevant to any potential suppression application, the government

---

[1]  50 U.S.C. §§ 1801-1812 concerns electronic surveillance and 50 U.S.C. §§ 1821-1829 concerns physical searches.

LEVITT & KAIZER

Hon. Sterling Johnson
November 14, 2013
Page 2 of 5

will either disclose that information to the defendants or, as appropriate, make an <u>ex parte</u> disclosure to the Court."

The government's response is insufficient for several reasons, as follows:

**1. The government should state whether its searches under 50 U.S.C. §§ 1801-1812 (electronic surveillance searches) and 1821-1829 (search of premises) were with or without warrants and identify the subsections of the relevant statutes under which such searches were supposedly authorized**. The government acknowledges that it conducted electronic surveillance and physical searches under Title I and Title III of the Foreign Intelligence Surveillance Act ("FISA"), 50 U.S.C. §§ 1801-1812 and 1821-1829, but it has not informed the defense whether such surveillance was conducted with or without a warrant, nor does it disclose the specific statutory authority under which it was conducted. No good reason exists to withhold this information, which is required to permit the defense to make appropriate suppression motions.

*Warrantless electronic surveillance* under 50 U.S.C. § 1802 is prohibited if likely to acquire communications of which a United States person – such as Mr. Fishenko – is a party, and any such surveillance in this case, therefore, would likely have been unlawful. 1802(a)(1)(B) (requiring Attorney General to certify under oath that "there is no substantial likelihood that the surveillance will acquire the contents of any communication to which a United States person is a party.").

*Electronic surveillance warrants* issued by the FISA court pursuant to application under 50 U.S.C. § 1804, on the other hand, require a showing of probable cause, inter alia, that the target of the surveillance is a "foreign power" or an "agent of a foreign power," and that the places at which surveillance is requested (here, likely ARC) is used or will be used by that foreign power or its agent. Here, the target of any electronic surveillance was likely Mr. Fishenko, yet he could not be considered an "agent of a foreign power" under the two-part definition contained in 50 U.S.C. § 1801(b). The first part of the definition, (b)(1), does not apply to a "United States person," and Mr. Fishenko is a "United States person" by virtue of his citizenship. 50 U.S.C. § 1801(i). The second part of the definition contains five categories, none of which apply to Mr. Fishenko.[2] Notably, the term "agent of a foreign power" does not have the same

---

[2] (2) any person who—
(A) knowingly engages in clandestine intelligence gathering activities for or on behalf of a foreign power, which activities involve or may involve a violation of the criminal statutes of the United States;
(B) pursuant to the direction of an intelligence service or network of a foreign power, knowingly engages in any other clandestine intelligence activities for or on behalf of such foreign power, which activities involve

definition as "agent of a foreign government" as defined in 18 U.S.C. § 951(a), which is charged in Count One of the Indictment.[3]

***A warrantless physical search of ARC's premises*** under FISA would not have been lawful because (among other reasons), those premises were not "used exclusively by, or under the open and exclusive control of, a foreign power….," and the government could not have properly certified that "there is no substantial likelihood that the physical search will involve the premises, information, material, or property of a United States person" such as Mr. Fishenko. 50 U.S.C. § 1822(a)(1)(A)(i), (ii).

***A warrant to search ARC's premises*** under FISA could not have been lawfully obtained without the certifications required by 50 U.S.C. § 1823, which includes that "the premises or property to be searched is or is about to be owned, used, possessed by, or is in transit to or from, a foreign power or an agent of a foreign power." 50 U.S.C. § 1823(a)(3)(C). The ARC premises do not meet this definition, nor is it likely that the government could have satisfied the additional requirement that "the target of the physical search is a foreign power or an agent of a foreign power." *Id.* (3)(A).

Accordingly, the government should be required to state, at the least, whether the searches it acknowledged occurred were with or without a warrant, and should identify the specific statutory subsection that supposedly authorized each search.

**2.** <u>**The government should be required to disclose whether any of the defendants' conversations were overheard pursuant to electronic surveillance conducted pursuant to Title VII of FISA.**</u>  By stating that the government "does not intend to use any information obtained or derived from surveillance authorized under Title VII of FISA (the FISA Amendments Act or "FAA"), 50 U.S.C. § 1881a *et seq.*, as to which a defendant is an aggrieved person," the government relegates to itself the roles

---

      or are about to involve a violation of the criminal statutes of the United States;
      (C) knowingly engages in sabotage or international terrorism, or activities that are in preparation therefor, for or on behalf of a foreign power;
      (D) knowingly enters the United States under a false or fraudulent identity for or on behalf of a foreign power or, while in the United States, knowingly assumes a false or fraudulent identity for or on behalf of a foreign power; or
      (E) knowingly aids or abets any person in the conduct of activities described in subparagraph (A), (B), or (C) or knowingly conspires with any person to engage in activities described in subparagraph (A), (B), or (C).

[3] "'[A]gent of a foreign government' means an individual who agrees to operate within the United States subject to the direction or control of a foreign government or official.…"

LEVITT & KAIZER

Hon. Sterling Johnson
November 14, 2013
Page 4 of 5

of prosecutor, defense counsel, and court, and would deny the defense an opportunity to address any taint that might flow from unlawful electronic surveillance allegedly undertaken under the FAA. The FAA prohibits targeting for warrantless wiretapping United States citizens or persons located in the United States. If Title VII electronic surveillance was conducted in this case, there is certainly the likelihood that Mr. Fishenko, a United States citizen living and working on United States soil, was targeted. If so, we should be entitled to a taint hearing to suppress any fruit of such unlawful electronic surveillance. To the extent the government can convince this Court that the defense is not entitled to know whether such interceptions occurred, it should be required to submit such information to the Court for *in camera* review, and the Court should make available to the defense any such disclosures that do not compromise national security interests.

**3. The government should be required to identify any non-FISA, non-Rule 41 searches that targeted ARC or any of the named defendants.** The government should also be required to acknowledge:

- Warrantless searches not conducted pursuant to either Rule 41 or FISA, including, by way of example, the NSA;
- Warrantless interceptions occurring through the use of so-called "stingray" or "triggerfish" devices;[4]
- Warrantless searches conducted by non-law enforcement persons acting at the direction of law enforcement persons;
- Warrantless searches conducted via the use of ruses to gain access to ARC's premises; and
- The use of tracking devices applied to vehicles or other property of the defendants, with or without a warrant.

The foregoing discovery should be disclosed because the defense has no independent means of ascertaining whether the enumerated searches occurred, and without the requested disclosure, the defendants' rights cannot be vindicated. The Court should not rely exclusively on the government's generalized agreement to provide information about searches that may have yielded suppressible information because the government, quite obviously, does not have the same interest as the defense in analyzing the lawfulness of its searches. Moreover, recent disclosures regarding the NSA and the DEA confirm that the government has intentionally masked possibly unlawful searches by using their fruit to conduct secondary, facially lawful searches.

---

[4] A stingray or triggerfish device is a "mobile tracking device" that simulates a cell tower and, therefore, indiscriminately gathers information about all cellular phones that are tricked into providing information to the device.

LEVITT & KAIZER

Hon. Sterling Johnson
November 14, 2013
Page 5 of 5

      Finally, in our October 30, 2013 letter, we asked the U.S. Attorney's Office, "In complying with these requests, please do not rely on your present knowledge alone but speak with any others involved in the investigation that might be aware of responsive information of which you are not privy," and we ask that the Court order the U.S. Attorney's Office to do so.

                                                  Respectfully submitted,

                                                  Richard Levitt

    cc: AUSA Daniel S. Silver (by ECF)
        Defense counsel (by ECF)