UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------X
UNITED STATES OF AMERICA,

                                         12 CV 626 (SJ)

        v.

                                         <u>MEMORANDUM</u>
                                         <u>AND ORDER</u>

ALEXANDER FISHENKO, <u>et al.</u>,

               Defendants.
-------------------------------------------------X
A P P E A R A N C E S

LORETTA E. LYNCH
United States Attorney, EDNY
271 Cadman Plaza East
Brooklyn, New York 11201
By:    Daniel S. Silver
       Claire S. Kedeshian
       Hilary Jager
       Una A. Dean
*Attorneys for the United States*

LEVITT & KAIZER
40 Fulton Street
23rd Floor
New York, NY 10038
By:    Richard Ware Levitt
*Attorney for Defendant Alexander Fishenko*

STEVE ZISSOU & ASSOCIATES
42-40 Bell Blvd., Suite 302
Bayside, NY 11361
By:    Steve Zissou
*Attorney for Defendant Alexander Posobilov*

JOHNSON, Senior District Judge,

<u>BACKGROUND</u>

On September 28, 2012, eleven individual defendants and two corporate defendants in this action were charged in a twenty-five count indictment with, <u>inter alia</u>, conspiracy to illegally export controlled microelectronics from the United States to Russia, money laundering, and conspiracy to commit wire fraud between October 2008 and September 2012.

At a hearing on October 10, 2014, Counsel for the two incarcerated Defendants, Alexander Fishenko and Alexander Posobilov, notified the Court of difficulties ensuring the incarcerated criminal Defendants meaningful access to the classified discovery documents. On October 10, 2014, Counsel for Defendant Fishenko submitted a letter to the Court noting that relevant Defense Counsel met with the Government, the United States Department of Justice's Litigation Security Group, and the United States Marshals Service "to consider alternative strategies for providing efficient access to classified documents to Messrs. Fishenko and Posobilov." (<u>See</u> Defs.' Letter dated Oct. 10, 2014 (Dkt. No. 261) at 1.) In the letter, Defense Counsel noted that the U.S. Marshals would not permit a Defendant to access a classified computer with anyone else present in a room. Parties also discussed the possibility of bringing the defendants to secure proffer rooms in the United States Attorney's Office while FBI agents monitored the Defendants.

However, the Government indicated that it would not be able to provide agents for more than two or three sessions.

The Court has considered a number of alternatives including, but not limited to, providing access to isolation cells and attorney-client interview rooms within the Eastern District of New York Courthouse in which an attorney or paralegal, with the appropriate security clearances, would facilitate the Defendants' review of the classified documents via computer with a separate screen facing the Defendants. Defense Counsel has argued that this proposal would be exacting and time consuming for counsel and paralegals. The Court also considered providing the Defendants with access to the documents within the courtroom. However, the U.S. Marshals have indicated that, given security concerns, as many as four U.S. Marshals would need to be present at a time, and a security sweep of the entire courtroom would need to occur for each use. Finally, Defense Counsel further requested that the Government declassify the classified information, but the Government has indicated that declassification is currently not an option.

Without a suitable agreement, Counsel requested the Court's intervention.

DISCUSSION

The issue before this Court is how to ensure the constitutional rights of criminal Defendants' vis-à-vis both (1) national security concerns attendant to the classified material in this case; and (2) physical security concerns attendant to their status as pretrial detainees. The Supreme Court has held that "[t]he right of an

accused in a criminal trial to due process is, in essence, the right to a fair opportunity to defend against the State's accusations." <u>Chambers v. Mississippi</u>, 410 U.S. 284, 294 (1973). Founded in the Sixth Amendment's Compulsory Process and Confrontation Clauses, a criminal defendant has a right to "a meaningful opportunity to present a complete defense." <u>Hawkins v. Costello</u>, 460 F.3d 238, 243 (2d Cir. 2006) (quoting <u>Crane v. Kentucky</u>, 476 U.S. 683, 690 (1986)). Thus, the Defendants' constitutional rights to assist in their own defense must not be abridged.

However, the Court must also consider the legitimate national security and physical security concerns, as well as the common interest in proceeding to trial in a timely manner, while ensuring the rights of the accused Defendants are protected. This balance is recognized in relevant law. Discovery in criminal cases is governed by Rule 16(d)(1), which provides in pertinent part, that "[a]t any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief. . . ."

In addition, the Classified Information Procedures Act ("CIPA"), 18 U.S.C. app. 3, establishes procedures for handling classified information in criminal cases. The statute was meant to "protect and restrict the discovery of classified information in a way that does not impair the defendant's right to a fair trial." <u>United States v. Aref</u>, 533 F.3d 72, 78 (2d Cir. 2008) (internal quotation marks and citations omitted). The Act "clarifies a district courts' power under Federal Rule of Criminal Procedure 16(d)(1) to issue protective orders denying or restricting discovery for good cause,

which includes information vital to the national security." <u>Aref</u>, 533 F.3d at 78 (internal quotation mark omitted).

In this case, although certain discoverable material has been deemed classified pursuant to CIPA, the Court recognizes that the Defendants retain constitutional rights to participate in their own defense. Thus, this Court must ensure the Defendants' constitutional rights while taking into consideration the Government's legitimate concerns with respect to national security and the need for efficiency in administering this litigation. The Second Circuit recently held that "the Sixth Amendment does not create an absolute right to the elimination of all difficulties or impairments that may hinder a criminal defendant's capacity to perfectly comprehend, and participate in, court proceedings." <u>United States v. Crandall</u>, 748 F.3d 476, 481 (2d Cir. 2014) (with respect to a hearing-impaired Defendant). The Circuit added that "perfect participation by a criminal defendant is optimal, but perfection is not required by the Sixth Amendment. <u>Id.</u> (citing <u>McDonough Power Equip., Inc. v. Greenwood</u>, 464 U.S. 548, 553 (1984) (noting that the Supreme Court "has long held that a litigant is entitled to a fair trial but not a perfect one, for there are no perfect trials" (internal quotation marks and alteration omitted)).

The Court heard from all parties on this matter including Defense Counsel, the Government, the United States Marshals Service, as well as the United States Department of Justice, Litigation Security Group. In addition, the Court physically examined all available options including the isolation cells and the attorney-client

interview rooms, with the technology in place.  Throughout, the Court pursued its inquiry into how to ensure the Defendants were provided with the best available option to preserve their rights given the legitimate concerns of the Government and the Marshals Service and the constraints these concerns entail.

Based on these conversations, the Court's inspections, the relevant law related to classified material, and consideration of the constitution rights of the Defendants to assist in their own defense, the Court has fashioned an appropriate solution.  Defendants shall have unlimited access to the classified documents within the parameters of relevant security constraints.  In order to view the materials, the Defendants will be produced to the inmate isolation cells of the Eastern District of New York. The isolation cells are equipped with bars rather than the mesh wires found in the attorney-client interview rooms. The Court finds that the mesh wires are not an adequate option because the mesh obstructs the Defendant's view of the documents.[1]

Within the isolation cells, Defendants will not have direct access to the computers, per the legitimate security concerns of the U.S. Marshals.[2] However, a paralegal or counsel with appropriate security clearance can manipulate and control

_____

[1] See Exhibit A (photograph of attorney-client interview room in the E.D.N.Y.) (under seal and on file with the Court).

[2] In May of 2014, two U.S. Marshals were allegedly attacked in a secure location in Miami, Florida where Defendants were examining classified evidence. As a result, the Court takes note of the abundance of caution necessary to proceed while preserving the Defendants' rights. Curt Anderson, Assault Charges Likely in Florida Terror Case, A.P. News, May 9, 2014, available at http://bigstory.ap.org/article/assault-charges-likely-florida-terror-case.

the computers through a laptop. The Defendants will view the materials on a 20-inch screen placed immediately outside the isolation cell.[3] The screen is large enough so that the Defendants can increase or decrease the text size of each document. The Defendant will have plain view of the documents through a sizable space between each bar.[4] The Court finds that such a remedy is the proper balance of all parties' concerns, national security, and the security of staff while also protecting the Defendant's right to assist in his own defense.

<u>CONCLUSION</u>

For the foregoing reasons, the Court finds that the Defendants can review the confidential materials using the isolation rooms located in the Eastern District of New York with the above mentioned restrictions and limitations.

SO ORDERED.

Dated:    November 3, 2014                    _____/s/_____
          Brooklyn, New York                    Sterling Johnson, Jr., U.S.D.J.

---

[3] <u>See</u> Exhibit B (view of computer screen outside of isolation cell) (under seal and on file with the Court).

[4] <u>Compare</u> Exhibit A (wire mesh) with Exhibit B (bars).