AO 245B (Rev. 02/16) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT
Eastern District of New York

| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|---|
| v. | ) | |
| Alexander Fishenko | ) | Case Number: 12-CR-0626-SJ-01 |
| | ) | USM Number: 73080-279 |
| | ) | Richard W. Levitt, Esq. 40 Fulton Street, NY NY 10038 |
| | ) | Defendant's Attorney |

FILED IN CLERK'S OFFICE US DISTRICT COURT E.D.N.Y. SEP 07 2016 BROOKLYN OFFICE

**THE DEFENDANT:**

☑ pleaded guilty to count(s)    1 through 19 of a twenty-five count first-superseding indictment.

☐ pleaded nolo contendere to count(s) _____
    which was accepted by the court.

☐ was found guilty on count(s) _____
    after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 951(a); | Acting as an agent of a foreign government. | | 1s |
| 18 U.S.C. § 371 | Conspiracy to violate the International Emergency Economic | | 2s |
| | CONTINUED ON NEXT PAGE | | |

The defendant is sentenced as provided in pages 2 through ___8___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☑ Count(s)   all open inclding undrlyng indct   ☐ is   ☑ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

7/21/2016
Date of Imposition of Judgment

/s/ USDJ STERLING JOHNSON, JR.
Signature of Judge

STERLING JOHNSON, JR., U.S.D.J.
Name and Title of Judge

8/29/2016
Date

AO 245B  (Rev. 02/16) Judgment in a Criminal Case
Sheet 1A

Judgment—Page 2 of 8

DEFENDANT: Alexander Fishenko
CASE NUMBER: 12-CR-0626-SJ-01

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| | CONTINUED FROM PAGE 1 | | |
| 18 U.S.C. § 371 | Powers Act; The arms Export Control Act; and to Commit Wire Fraud | | 2s |
| 50 U.S.C. § 1702 and 50 U.S.C. § 1705(c) | Exportation of items from the United States to Russia in violation of the International Emergency Economic Powers Act | | 3s through 15s |
| 22 U.S.C. § 2778(b)(2); 22 U.S.C. § 2778(c) | Illegal Exportation from the United States to Russia of Items in Violation of the Arms Export Control Act | | 16s |
| 18 U.S.C. § 1956(h) and 18 U.S.C. §1956(a)(2)(A) | Conspiracy to Commit Money Laundering | | 17s |
| 18 U.S.C. § 1512(c) | Obstruction of Justice | | 18s |
| 18 U.S.C. § 1519 | Obstruction of Justice | | 19s |

AO 245B (Rev. 02/16) Judgment in Criminal Case
Sheet 2 — Imprisonment

Judgment — Page __3__ of __8__

DEFENDANT: Alexander Fishenko
CASE NUMBER: 12-CR-0626-SJ-01

# IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:

120 months imprisonment on counts 1s and 3s-19s to run concurrently, 60 months imprisonment on count 2s to run concurrently to counts 1s and 3s-19s, for a total term of 120 months imprisonment.

☑ The court makes the following recommendations to the Bureau of Prisons:

Designation to Beaumont Camp. Defendant is to receive necessary medical treatment and the court further recommends that defendant be accepted into the 500-hour Residential Drug Abuse Treatment Program (RDAP).

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on _____ .

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a _____ , with a certified copy of this judgment.

UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: Alexander Fishenko
CASE NUMBER: 12-CR-0626-SJ-01

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:
3 years on counts 1s, 2s, 3s-19s to run concurrently for a total term of 3 years supervised release.

    The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*
- ☑ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*
- ☐ The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*
- ☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*
- ☐ The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

    If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

    The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment; or if such prior notification is not possible, then within forty eight hours after such change.
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: Alexander Fishenko
CASE NUMBER: 12-CR-0626-SJ-01

## SPECIAL CONDITIONS OF SUPERVISION

Defendant shall comply with the Forfeiture Order;

Upon request, the defendant shall provide the U.S. Probation Office with full disclosure of his financial records, including co-mingled income, expenses, assets and liabilities, to include yearly income tax returns. With the exception of the financial accounts reported and noted within the pre-sentence report, the defendant is prohibited from maintaining and/or opening any additional individual and/or joint checking, savings, or other financial accounts, for either personal or business purposes, without the knowledge and approval of the U.S. Probation Office. The defendant shall cooperate with the Probation Officer in the investigation of his financial dealings and shall provide truthful monthly statements of your income and expenses. The defendant shall cooperate in the signing of any necessary authorization to release information forms permitting the U.S. Probation Office access to your financial information and records;

Defendant shall participate in an outpatient drug treatment program approved by the Probation Department. The defendant shall contribute to the costs of such treatment not to exceed an amount determined reasonable by the Probation Department's Sliding Scale for Substance Abuse Treatment Services, and shall cooperate in securing any applicable third party payment, such as insurance or Medicaid. The defendant shall disclose all financial information and documents to the Probation Department to assess his or her ability to pay. The defendant shall not consume any alcohol or other intoxicants during and after treatment, unless granted a prescription by a licensed physician and proof of same is provided to the Probation Department. The defendant shall submit to testing during and after treatment to ensure abstinence from drugs and alcohol;

Defendant shall not possess a firearm, ammunition, or destructive device.

DEFENDANT: Alexander Fishenko
CASE NUMBER: 12-CR-0626-SJ-01

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 1,900.00 | $ | $ |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| | | | |

| **TOTALS** | $ 0.00 | $ 0.00 |
|---|---|---|

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the ☐ fine ☐ restitution.

☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: Alexander Fishenko
CASE NUMBER: 12-CR-0626-SJ-01

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A  ☒ Lump sum payment of $ 1,900.00 due immediately, balance due

☐ not later than _____ , or
☐ in accordance   ☐ C,   ☐ D,   ☐ E, or   ☐ F below; or

B  ☐ Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

C  ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

D  ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

E  ☐ Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☒ The defendant shall forfeit the defendant's interest in the following property to the United States:
   SEE ATTACHED ORDER OF FORFEITURE

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

DEFENDANT: Alexander Fishenko
CASE NUMBER: 12-CR-0626-SJ-01

## ADDITIONAL FORFEITED PROPERTY

SEE ATTACHED FORFEITURE ORDER.

Defendant is subject to forfeit the following:
a) Any and all funds on deposit or transferred to or through Wells Fargo Account No. 2475956740, held in the name of ARC Electronics, Inc.;
b) Any and all funds on deposit or transferred to or through Wells Fargo Account No. 1102461793, held in the name of ARC Electronics, Inc.;
c) Any and all funds on deposit or transferred to or through Frost National Bank Account No. 140028983, held in the name ARC Electronics, Inc.;
a) Any and all funds on deposit or transferred to or through Compass Savings Bank Account No. 2530622900, held in the name of Alexander Fishenko;
b) Any and all funds on deposit or transferred to or through Compass Savings Bank Account No. 2530620355, held in the name Alexander Fishenko;
c) The Real Property and Premises, including any and all improvements thereon, known as 22631 FM 149, Montgomery County, Texas, title to which is held, in part, in the name of Alexander Fishenko;
33
d) The Real Property and Premises, including any and all improvements thereon, known as 12956 Trail Hollow Drive, Harris County, Texas, title to which is held, in part, in the name of Alexander Fishenko.

SLR:LDM/BM:CSK
F # 2012R00387

**ORIGINAL**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA,

       - against -

ALEXANDER FISHENKO,

       Defendant.

- - - - - - - - - - - - - - - - X

STIPULATED PRELIMINARY
ORDER OF FORFEITURE

12 CR 626 (S-1)(SJ)

       WHEREAS, on or about November 6, 2014, defendant ALEXANDER FISHENKO (hereinafter "the Defendant") was charged in a Superseding Indictment (the "Indictment") with, inter alia, conspiracy to violate the International Emergency Economic Powers Act ("IEEPA"), violate the Arms Export Control Act ("AECA") and Commit Wire Fraud; thirteen counts of violating IEEPA; one count of violating the AECA; and one count of money laundering conspiracy, (collectively, the "Offenses") in violation of 13 U.S.C. § 305(a)(1); 18 U.S.C. §§ 371, 951, 1512(c), 1519, 1956(h), 2, 3551; 50 U.S.C. §§ 1702 and 1705(c); 15 C.F.R. § 764.2; and 22 C.F.R. §§ 121 and 127;

       WHEREAS, the Indictment included forfeiture allegations seeking, pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982, 28 U.S.C. § 2461(c), and 21 U.S.C. § 853(p), the forfeiture of any and all property constituting or derived from proceeds

obtained directly or indirectly as a result of the commission of the Offenses; all property, real and personal, involved in the commission of the money laundering offense; and substitute assets;

WHEREAS, on or about November 5, 2015, the defendant, ALEXANDER FISHENKO, entered a plea of guilty to Counts One through Nineteen (Acting as an Agent of a Foreign Government without Prior Notification to the Attorney General, Conspiracy to Violate IEEPA, AECA and to commit wire fraud; thirteen IEEPA violations; an AECA violation; and money laundering conspiracy) of the Indictment; and

WHEREAS, the defendant, by and thorough counsel, waived any right he may have to a jury determination of the criminal forfeiture allegations; and

WHEREAS, the defendant and the United States have now reached an agreement as to the criminal forfeiture aspects of the defendant's sentencing which are memorialized below.

IT IS HEREBY STIPULATED, AGREED, ON CONSENT, AND ORDERED AS FOLLOWS:

1. Pursuant to Fed. R. Crim. P. 32.2, 18 U.S.C. §§ 981(a)(1)(C), 982, and 28 U.S.C. § 2461(c), the defendant, Alexander Fishenko, shall forfeit all right, title and interest in the following (hereafter collectively referred to as "the Forfeited Assets") to the United States as proceeds that the

defendant obtained, directly or indirectly, as result of his violations of 13 U.S.C. § 305(a)(1); 18 U.S.C. §§ 371, 951, 1512(c), 1519, 2, 3551; 50 U.S.C. §§ 1702 and 1705(c); 15 C.F.R. § 764.2; 22 C.F.R. §§ 121 and 127; and/or as property, real or personal, involved in the defendant's violation of 18 U.S.C. § 1956(h):

    (a) Any and all funds on deposit or transferred to or through Wells Fargo Account No. XXX6740, held in the name of defendant ARC ELECTRONICS, INC., and all proceeds and interest traceable thereto;

    (b) Any and all funds on deposit or transferred to or through Wells Fargo Account No. xxx1793, held in the name of defendant ARC ELECTRONICS, INC., and all proceeds and interest traceable thereto;

    (c) Any and all funds on deposit or transferred to or through Frost National Bank Acct. xxx8983, held in the name of defendant ARC ELECTRONICS, INC., and all proceeds and interest traceable thereto;

    (d) Any and all funds on deposit or transferred to or through Compass Savings Bank Acct. xxx2900, held in the name of defendant ALEXANDER FISHENKO, and all proceeds and interest traceable thereto;

    (e) Any and all funds on deposit or transferred to or through Compass Savings Bank Acct. xxx0355, held in the name of

defendant ALEXANDER FISHENKO, and all proceeds and interest traceable thereto;

(f) The Real Property and Premises, including any and all appertenances thereto and improvements thereon, known as 22631 and 22831 FM 149, Montgomery County, Texas 77356; and

(g) The sum of One Hundred and Fifty Thousand Dollars ($150,000.00) in U.S. currency (the "Forfeiture Money Judgment") to be paid by bank or certified check made payable to "United States Marshals Service, EDNY" with the criminal action number noted on the check, no later than December 30, 2016. In the event the Forfeiture Money Judgment is not timely paid in full to the United States, the Real Property and Premises, including any and all improvements thereon, known as 12956 Trail Hollow Drive, Harris County, Texas 77079 (hereinafter the "Trail Hollow Property") shall be forfeited to the United States. In such case, the Trail Hollow Property shall be considered to be part of the Forfeited Assets. Only after the $150,000.00 is timely paid in full to the United States, will the United States release its Notice of Pendency against the Trail Hollow Property.

2. All the Forfeited Assets are hereby forfeited to the United States. Upon receipt of a certified copy of this Order, the United States Marshals Service shall proceed to seize

and liquidate all the Forfeited Assets for forfeiture to the use and benefit of the United States.

3. The defendant agrees to fully assist the United States in effectuating the forfeiture of the Forfeited Assets. The defendant agrees not to file or interpose any claim or to assist others to file or interpose any claim to any of the Forfeited Assets in any administrative or judicial proceeding, including but not limited to, the forfeiture of any other assets held by the defendant.

4. The defendant expressly waives any liability of the United States, its agents, employees or assigns for any depreciation of the value or taxes that may be due and owing on the Forfeited Assets.

5. The defendant knowingly and voluntarily waives his right to any required notice concerning the forfeiture of Forfeited Assets, including notice set forth in any indictment or information. In addition, the defendant knowingly waives his right, if any, to a jury trial of any assets and money, and waives all constitutional, legal and equitable defenses to the forfeiture of said assets, including, but not limited to any defenses on principles of double jeopardy, the <u>Ex Post Facto</u> clause of the Constitution, any applicable statute of limitations, venue, or any defense under the Eighth Amendment, including a claim of excessive fines.

6. The defendant agrees that the forfeiture of the Forfeited Assets is not to be considered a fine or a payment on any income taxes that may be due. The defendant waives any right to a discharge of the Forfeited Assets in a bankruptcy proceeding. The forfeiture is not an admission of the amount of loss for purposes of the calculation of the Sentencing Guidelines or for purposes of the calculation of the amount of any restitution, if applicable.

7. The defendant hereby and forever waives any and all claims to the Forfeited Assets regardless of the outcome of any appeal or challenge to his conviction, forfeiture, and any modifications thereto.

8. The defendant expressly warrants and asserts that he has no other monies or properties located outside the United States, including but not limited to Russia and Singapore, that may be subject to forfeiture as a result of his Offenses, as substitute assets, and/or to be repatriated to the United States pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982, 28 U.S.C. § 2461(c), 21 U.S.C. § 853(p), and 21 U.S.C. § 853(e)(4).

9. Should any undisclosed foreign assets which the defendant owns or which the defendant has an interest be discovered up to the amount of at least $ 5 million in U.S. currency, the defendant knowingly and voluntarily waives his right to any required notice concerning the forfeiture of said

assets. The defendant agrees to execute any documents necessary to effectuate the forfeiture of said assets. In addition, the defendant knowingly and voluntarily waives his right to a jury trial on the forfeiture of said assets, and waives all constitutional, legal and equitable defenses to the forfeiture of said assets, including, but not limited to, any defenses based on principles of double jeopardy, the <u>Ex Post facto</u> clause of the Constitution, the Eighth Amendment of the Constitution, including a claim of excessive fines, the statute of limitations, or venue. The defendant agrees that the forfeiture of said assets is not to be considered a payment of a fine or a payment of any income taxes that may be due and shall survive any bankruptcy.

10. Pursuant to Fed. R. Crim. P. 32.2(b)(3), and upon entry of this Order, the United States Attorney General or her designee, is authorized to seize for forfeiture the Forfeited Assets.

11. Upon entry of this Order, the United States Attorney General or her designee is authorized, in accordance with Fed. R. Crim. P. 32.2 (b)(3), (c), and (e) to conduct any proper discovery, including but not limited to the service of third-party subpoenas, and to commence any applicable proceeding to locate any additional forfeitable assets and comply with

statutes governing third party rights, including giving notice of this Preliminary Order of Forfeiture.

12. The United States shall publish notice of this Preliminary Order of Forfeiture and notice of its intent to dispose of the Forfeited Assets in such a manner as the Attorney General or her designee may direct, on the government website www.forfeiture.gov, in accordance with the custom and practice in this district. The United States may, to the extent practicable, provide direct written notice to any person known or alleged to have an interest in the Forfeited Assets as a substitute for published notice as to those persons so notified.

13. Any person, other than the defendant, asserting a legal interest in the Forfeited Assets may, within thirty (30) days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his or her alleged interest in the property, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6). Any petition filed in response to notice of the forfeiture of the Forfeited Assets must be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right,

title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.

14. Pursuant to Fed. R. Crim. P. 32.2(b)(3), 21 U.S.C. §§ 853(g) and (o), and in order to preserve as may be reasonably necessary the value of the Forfeited Assets, and ensure that any funds and/or assets not be diminished and/or dissipated for forfeiture and pending any appeal, neither the defendant, nor anyone acting on his behalf, shall take any action that would have the effect of diminishing and/or dissipating the Forfeited Assets.

15. The terms contained herein shall be final and binding only upon the Court's "so ordering" of this Preliminary Order of Forfeiture.

16. Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing and shall be made part of the defendant's sentence and included in the judgment of conviction. If no third party files a timely claim, this Preliminary Order of Forfeiture shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2). At that time, the properties forfeited herein shall be forfeited to the United States for disposition in accordance with law.

17. This Preliminary Order of Forfeiture shall be binding upon the defendant and his successors, administrators,

heirs, assigns and transferees, and shall survive the bankruptcy of any of them.

18. The Court shall retain jurisdiction over this action to enforce compliance with the terms of this Preliminary Order of Forfeiture, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

19. The Clerk of the Court is directed to send, by inter-office mail, five (5) certified copies of this Preliminary Order of Forfeiture to Assistant United States Attorney Claire S. Kedeshian, United States Attorney's Office, Eastern District of New York, 271 Cadman Plaza East, 7th Floor, Brooklyn, New York 11201.

Dated: Brooklyn, New York
       June 20th, 2016

           ROBERT L. CAPERS
           UNITED STATES ATTORNEY
           EASTERN DISTRICT OF NEW YORK

     BY: _____
        Richard M. Tucker
        Una A. Dean
        Claire S. Kedeshian
        Assistant U.S. Attorneys
        (718) 254-7000

Dated: Brooklyn, New York
June ___, 2016

By:

LEVITT & KAIZER
Attorneys for Defendant
40 Fulton Street, 23rd Floor
New York, New York 10038

_____
RICHARD LEVITT, Esq.
(212) 480-4000

AGREED AND CONSENTED TO BY:

_____
ALEXANDER FISHENKO,
Defendant

SO ORDERED:
on this 21 day of
~~June,~~ 2016
July

/s/ USDJ STERLING JOHNSON, JR.
_____
HONORABLE STERLING JOHNSON, JR.
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK